TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Brian F. Moore

Proposed Counsel to the
 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
LOEHMANN'S HOLDINGS, INC.,                                       :    Case No. 10-16077
                                                                 :
                    Debtor.                                      :
                                                                 :
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
LOEHMANN'S, INC.,                                                :    Case No. 10-16078
                                                                 :
                    Debtor.                                      :
                                                                 :
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
LOEHMANN'S REAL ESTATE                                           :
HOLDINGS, INC.,                                                  :    Case No. 10-16080
                                                                 :
                    Debtor.                                      :
                                                                 :
-----------------------------------------------------------------X

```
---------------------------------------------------------------X
In re:                                      :    Chapter 11
                                            :
LOEHMANN'S OPERATING CO.,                   :
                                            :    Case No. 10-16079
                                            :
            Debtor.                         :
                                            :
---------------------------------------------------------------X
In re:                                      :    Chapter 11
                                            :
LOEHMANN'S CAPITAL CORP.,                   :
                                            :    Case No. 10-16081
                                            :
            Debtor.                         :
                                            :
---------------------------------------------------------------X
```

**MOTION OF THE DEBTORS FOR ORDER DIRECTING
JOINT ADMINISTRATION OF THE CHAPTER 11 CASES
UNDER BANKRUPTCY CODE SECTION 302 AND BANKRUPTCY
RULE 1015(b) AND WAIVING REQUIREMENTS OF BANKRUPTCY
<u>CODE SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)</u>**

The debtors and debtors in possession in the above-captioned cases (collectively, "Loehmann's" or the "Debtors")[1], hereby move (the "Motion") for entry of an order, under sections 302 and 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing for the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only and seeking a waiver of the requirement that the captions in these Chapter 11 cases list the Debtors' tax identification numbers and addresses. In support of the Motion, the Debtors rely upon and incorporate by reference the declaration of Joseph Melvin filed under Local Bankruptcy Rule 1007-2 in support of the Debtors' Chapter 11 petitions (the "Declaration") filed with the Court concurrently herewith. In further support of the

---

[1] The Debtors are the following entities: Loehmann's Holdings, Inc., Loehmann's, Inc., Loehmann's Real Estate Holdings, Inc., Loehmann's Operating Co., and Loehmann's Capital Corp.

2

Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 302 and 342(c)(1) and Bankruptcy Rules 1005, 1015 and 2002(n).

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

4. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order, under Bankruptcy Code sections 302 and 342(c)(1) and Bankruptcy Rules 1005, 1015 and 2002(n) consolidating the Debtors' Chapter 11 cases for procedural purposes only and waiving the requirement that the Debtors' caption contain tax identification numbers and addresses.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Declaration.

## BASIS FOR RELIEF

6. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." <u>See</u> Fed. R. Bankr. P. 1015(b). The Debtors in these proceedings are Loehmann's Holdings, Inc., Loehmann's, Inc., Loehmann's Real Estate Holdings, Inc., Loehmann's Operating Co. and Loehmann's Capital Corp.

7. The Debtors are an integrated business with common management, and they share key financial and operational systems. As reflected in the corporate organization chart attached as Exhibit "A" to this Motion, Loehmann's Holdings, Inc. is the direct parent or owner of Loehmann's, Inc., which owns 100% of the common stock of Loehmann's Real Estate Holdings, Inc., Loehmann's Operating Co. and Debtor Loehmann's Capital Corp. ("CapCo") is owned by an affiliate of Global Securitization Services LLC, an independent corporate services company, that is a counterparty to a lease with Debtor Loehmann's Operating Co., but such "is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor" under Bankruptcy Code section 101(2)(c). As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

8. Given the complex and interlinked commercial relationships among the Debtors, joint administration of these Chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these Chapter 11 cases will affect each and every Debtor. Thus, the entry of an order

4

directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections.

9. Moreover, the joint administration of the Debtors' Chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect several of the Debtors.

10. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties in interest by ensuring that parties in <u>each</u> of the Debtors' respective Chapter 11 cases will be apprised of the various matters before the Court in these cases.

11. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

12. In furtherance of the foregoing, the Debtors request that the official caption of the Chapter 11 cases to be used by all parties in all pleadings in the jointly administered cases be as follows:

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
In re:                                      :     Chapter 11
                                            :
LOEHMANN'S HOLDINGS, INC., et al.,          :     Case No. 10-16077
                                            :
                     Debtors.               :     (Jointly Administered)
                                            :
------------------------------------------------------------X
```

13.     The Debtors submit that use of this simplified caption, without reference to their respective states of incorporation and tax identification numbers, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

14.     In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Debtors' Chapter 11 cases (except that of Loehmann's Holdings, Inc.), substantially similar to the following:

> "An order has been entered in this case consolidating this case with the case of Loehmann's Holdings, Inc., Case No. 10-16077, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 10-16077 should be consulted for all matters affecting the above listed case."

15.     It would be far more practical and expedient for the administration of these Chapter 11 cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings, and other matters involved in these Chapter 11 cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, Chapter 11 cases.

16.     Joint administration will also allow the Court and the Debtors to employ a single docket for all of the cases and to confine, and thereby simplify, notice to

creditors and other parties in interest in these bankruptcy cases. Joint administration will also enable parties in interest in each of the Chapter 11 cases to stay apprised of all matters before the court. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

17. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.

18. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

19. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. See, e.g., In re Tronox Incorporated, et al., Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. January 13, 2009); In re Dana Corp., et al., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 3, 2006); In re Musicland Holding Corp., et al., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2006); In re Refco Inc., et al., Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. June 9, 2006); In re Delphi Corp., et al., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 8, 2005); In re Winn-Dixie Stores, Inc., et al., Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Feb. 22, 2005); In re Movie Gallery, Inc., et al., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); In re Tweeter Home Entm't. Group, Inc., et al., Case No. 07-10787 (PJW) (Bankr. D. Del.

June 13, 2007); and <u>In re Fortunoff Fine Jewelry and Silverware, LLC, et al.</u>, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 5, 2008).

20. Moreover, waiver of the requirements imposed by Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) that the Debtors' caption include the Debtors' tax identification numbers is appropriate in these cases. Inclusion of the Debtors' tax identification numbers and addresses on each caption is cumbersome, and may be confusing to parties in interest. More importantly, waiver of the tax identification number and address requirement is purely procedural in nature and will not affect the rights of parties in interest, particularly as this information is available on all of the Debtors' Chapter 11 petitions.

21. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

**NOTICE**

22. Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the United States Trustee for the Southern District of New York; (ii) the entities listed on the Debtors' Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iii) the entities listed on the Debtors' Consolidated List of Prepetition Secured Creditors; (iv) counsel to the agent for the Debtors' prepetition credit facility and lender under the proposed DIP Financing Facility; (v) the Office of the United States Attorney for the Southern District of New York; (vi) the Office of the Attorney General of New York; (vii) the Internal Revenue Service; and (viii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtors submit that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

23. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, as Exhibit "B" granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
      November 15, 2010

LOEHMANN'S HOLDINGS, INC., *et al.*,
By Their Proposed Counsel
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Frank A. Oswald
FRANK A. OSWALD
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10019
(212) 594-5000